# In the United States Court of Federal Claims

No. 26-1044C
Filed: July 23, 2026
NOT FOR PUBLICATION

KAYLA NICOLE FITTS,

*Plaintiff,*

v.

UNITED STATES,

*Defendant.*

## ORDER

Kayla Nicole Fitts, proceeding without a lawyer, filed a complaint on July 20, 2026; the complaint was docketed on June 12, 2026. The claims appear to arise out of arrests of the plaintiff and her husband, the placement of the plaintiff's children in foster care by state authorities, and the repossession of property by a bank. The complaint raises claims for illegal exactions and takings.

The plaintiff neither paid the filing fee nor sought leave to proceed without the prepayment of the filing fee. Typically, she would be ordered to pay the fee or seek leave to proceed without paying the fee within 30 days. In this instance, however, the complaint patently fails to identify a claim within the limited jurisdiction of the Court of Federal Claims. Accordingly, the complaint is dismissed, on the Court's own motion.

Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding without a lawyer. As a result, her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving the pleadings of a plaintiff without a lawyer a liberal construction does not divest the plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court

of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). To the extent the complaint includes claims based on the actions of private parties, like the First National Bank of North Arkansas or CoreLogic, Inc., these claims are beyond the court's jurisdiction.

Although the complaint names the United States as a defendant, most of the acts alleged as the basis for relief were conducted by state entities, not any federal entity. The plaintiff seems to understand the distinction. The plaintiff disclaims the existence of any contract between herself and the United States. (Complaint at 3.) Instead, she predicates liability against the United States on alleged takings committed by instrumentalities of state governments allegedly receiving federal grant funds, including Medicaid funding.

Claims purportedly against the United States based on grant funds provided to state or local governments or Medicaid funds are not within the Tucker Act's grant of jurisdiction. Government action directed to a third party does not give rise to a taking if its effects on the plaintiff "are merely unintended or collateral." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1154 (Fed. Cir. 2014). Even if the effects are direct and intended, takings liability is limited to cases in which "the third party is acting as the government's agent or the government's influence over the third party was coercive rather than merely persuasive." *Id. Even w*hen a state chooses to act based on an incentive grant, the federal government is not liable for a taking. *B & G Enters. v. United States*, 220 F.3d 1318, 1325 (Fed. Cir. 2000).

The complaint alleges a breach of fiduciary duty by the United States in failing to enforce certain laws, but this allegation presents a tort claim and is excluded from the jurisdiction of the Court of Federal Claims under the Tucker Act, which specifically excludes from its jurisdictional grant "cases not sounding in tort." The complaint also presents claims based on the Fifth Amendment's due process clause and the First Amendment, but neither of these is money-mandating, so these claims are also beyond the court's jurisdiction. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) (Fifth Amendment due process clause).

The complaint does present two claims within the competence of the federal government. The complaint alleges that the plaintiff's husband's veterans' benefits are being paid by the

2

Department of Veterans Affairs ("VA") to an unauthorized recipient and that Social Security disability payments are also being diverted to an unauthorized payee. Even assuming the plaintiff may pursue a claim for her husband's benefits, claims related to veterans' benefits fall within the exclusive jurisdiction of the VA and the separate judicial system that hears such claims. *See, e.g.*, *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1016, 1021-23, 1031-32 (9th Cir. 2012) (en banc); *Vietnam Veterans of America v. Shinseki*, 599 F.3d 654, 656 (D.C. Cir. 2010). Likewise, claims regarding Social Security benefits fall exclusively within the jurisdiction of federal district courts, after a party exhausts administrative avenues of relief. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).

Because even under a liberal reading of the complaint, no allegations that support jurisdiction against the United States under the Tucker Act are presented, it would be pointless to direct the plaintiff to pay the filing fee or seek leave to proceed without prepayment of the fee. In either case, the complaint would be dismissed.

Because it fails to identify a claim under the Tucker Act, the complaint is **DISMISSED** without prejudice under Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**